**Kamran REZAPOUR, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 0605–90.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 25, 1991.

Rehearing Denied Oct. 23, 1991.

Michael B. Charlton (on appeal only), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Rowena M. Young and Donna Cameron Goode, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Appellant was convicted by a jury of illegal investment. Tex.Health & Safety Code Ann., § 481.126(a)(2).[1] The jury assessed punishment at thirty years confinement and an $80,000.00 fine. The Court of Appeals affirmed. *Rezapour v. State,* 788 S.W.2d 642 (Tex.App.—Texarkana 1990). This Court granted appellant's petition for discretionary review to determine whether the Court of Appeals erred in holding that the actual transfer of funds is not an element of the offense of illegal investment. See Tex.R.App.Pro. 200(c)(1) and (4).[2] We will affirm.

The facts are not disputed. Appellant and his co-defendant, Oglesby, agreed to purchase two kilograms of cocaine for $32,-000.00 from a Federal Drug Enforcement Agency (DEA) agent and a Houston police officer. The exchange was scheduled to take place in Oglesby's hotel room. In the hotel room, both officers were permitted to examine the cash. After acknowledging the sufficiency of the funds, the parties left the hotel room with appellant carrying the cash. The actual exchange was to take place in the hotel parking lot once the cocaine was inspected. Oglesby and appellant drove the officers to their car which contained the cocaine. Appellant remained in the car with the cash while Oglesby inspected the cocaine. After Oglesby inspected the cocaine, the signal was given to make the arrest. Appellant and Oglesby were arrested prior to the actual transfer of the funds or cocaine between the officers and appellant.

■ Appellant relies on a Dallas Court of Appeals' decision in a similar illegal investment case to support his contention that an actual transfer of funds is required to obtain a conviction for illegal investment. *Richardson v. State,* 789 S.W.2d 643 (Tex.App.—Dallas, 1990 pet. granted). However, this Court recently reversed that judgment and held that a conviction for the offense of illegal investment can be sustained without an actual transfer of funds.

The Court of Appeals erred when it concluded that, in an illegal investment, funds need not actually be transferred.

---

**1.** Formerly, Tex.Rev.Civ.Stat., Art. 4476–15, § 4.052(a)(2).

**2.** Specifically, appellant's ground for review states:

*Richardson v. State*, 816 S.W.2d 89, 92 (1991).

In *Richardson*, the defendant and his co-defendants, Jordan and Biggins, agreed to purchase one kilogram of cocaine for $16,000.00 from Frank Perez, a Dallas police officer. The sale was to take place in a Denny's restaurant parking lot. Shortly after Perez's arrival, all three defendants arrived together in a pickup truck. As previously agreed, Perez went to the pickup truck and examined the cash. Perez testified that he was asked by both Jordan and Richardson if he had brought the cocaine, and Perez responded affirmatively. After examining the cash, Jordan accompanied Perez to inspect the cocaine located in the officer's automobile. Richardson and Biggins remained in the pickup truck with the cash while Perez inspected the cocaine. Once Jordan reached the officer's car and prior to examining the cocaine, the signal was given to make the arrest. All three men were arrested before the actual transfer of the cocaine or funds occurred.

█ When appellant's petition for discretionary review was granted the law was unsettled as to whether an actual transfer of funds was required to support a conviction for illegal investment. Subsequently, in *Richardson*, we resolved the issue by holding that the offense of illegal investment requires only an intent to "finance" or "invest." There is no requirement of an actual transfer of funds to sustain a conviction for illegal investment. *Richardson*, supra, at 92. Citing *Richardson*, 789 S.W.2d at 636. Here, as in *Richardson*, the funds were both present at the scene of the crime and displayed for the express purpose of purchasing the contraband. *Id.* Accordingly, the evidence is sufficient to sustain appellant's conviction for illegal investment.

The judgment of the Court of Appeals is affirmed.