**Carl Roger HOWARD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 09–93–134 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Nov. 3, 1994.

Decided Dec. 14, 1994.

Jay Stuart Nedell, Houston, for appellant.

Daniel C. Rice, Dist. Atty., Gail Kikawa McConnell, Asst. Dist. Atty., Conroe, for State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

A jury found appellant guilty of having committed the felony offense of Illegal Expenditure or Investment. TEX.HEALTH & SAFETY CODE ANN. § 481.126 (Vernon 1989). The trial court sentenced appellant to eighteen (18) years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant was also fined $50,000. Three points of error are presented for our consideration, *viz:*

Point of error one: Appellant complains that there was insufficient evidence as the State of Texas failed to prove that the offense occurred in Montgomery County, Texas for which the appellant was indicted, and the verdict was contrary to the law and the evidence.

Point of error two: Appellant was indicted for illegal investment, alleging that the appellant intentionally and knowingly invested funds which he knew and believed were intended to purchase marihuana of more than fifty (50) pounds. There was insufficient evidence as a matter of law that the appellant invested any funds, and the court erred in failing to grant the appellant's motion for directed verdict at the close of the evidence presented by the State of Texas and the verdict was contrary to the law and the evidence.

Point of error three: The trial court abused its discretion by denying appellant's motion to (sic) for quantitative and qualitative analsys (sic) of the alleged marihuana should have been granted (sic). The failure of the trail (sic) court to allow the appellant to weigh and analyze the

marijuana (sic) prevented the appellant from proving the amount of marihuana was not over fifty (50) pounds.

■ We will address points of error one and two together as they involve a question as to the sufficiency of the evidence to sustain the conviction. In reviewing complaints dealing with sufficiency of the evidence, appellate courts must determine whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found that each essential element of the crime had been proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991). *Jackson* further elaborates on this appellate review standard as follows:

> This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution. (emphasis in original)

*Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789, 61 L.Ed.2d at 573.

With regard to the venue issue, the State concedes that its burden of proof is beyond a reasonable doubt as this was the burden of proof set out in the application paragraph of the trial court's instructions to the jury. *See Cunningham v. State*, 848 S.W.2d 898, 901–902 (Tex.App.—Corpus Christi 1993, pet. ref'd).

■ The record before us reflects that only one witness testified at the guilt/innocence phase of the trial. Millard F. Waters, II was, at the time of the offense in question, an undercover narcotics officer with the Montgomery County Sheriff's Office. Waters testified that he and appellant had several conversations concerning appellant finding potential buyers of large amounts of marijuana with Waters, in his undercover capacity, being the supplier of the marijuana. Three audio tapes were admitted into evidence and played before the jury. The first two tapes, State's Exhibits 1 and 2, contained recorded conversations in which appellant negotiated with Waters for the purchase of over fifty pounds of marijuana. Waters testified that the phone calls were received and recorded at the Montgomery County Narcotics Task Force office. The third tape, State's Exhibit 3, contained a recording of a meeting between Waters accompanied by another undercover officer, and appellant accompanied by two other men who intended to purchase fifty pounds of marijuana from Waters. This preliminary meeting occurred at appellant's office in Harris County. At this meeting, Waters was shown a paper sack containing approximately $47,500. Waters then arranged with appellant for everyone to meet at a different location for the actual purchase and delivery to take place. The second side of State's Exhibit 3 contains portions of the conversation of the participants at the transfer site which was located at a car wash on Rayford Road in south Montgomery County. It was at this point that the $47,500 was given to Waters and the buyers were permitted to unload the approximately 52 pounds of marijuana from the undercover vehicle. The tape recording ends moments before the narcotics surveillance team arrives and arrests all the participants.

At the time of the offense, Section 481.126 provided in pertinent part that:

(a) A person commits an offense if the person knowingly or intentionally:

(1) expends funds the person knows are derived from the commission of an offense under Section 481.112(c), 481.113(c), 481.114(c), 481.115(c), 481.116(c), 481.117(c), 481.118(c), 481.120(c), or 481.121(c); or

(2) finances or invests funds the person knows or believes are intended to further the commission of an offense listed in Subdivision (1).

Therefore, to commit the offense in the case before us, an accused must: (1) knowingly or intentionally finance or invest funds; and (2) know or believe the funds are intended to further the commission of an offense listed

under Subdivision (a)(1) of Section 481.126. In *Jordan v. State*, 816 S.W.2d 89, 92 (Tex. Crim.App.1991), the Court held that the *actual* transfer of funds need not be proven in an Illegal Expenditure or Investment prosecution. The Court found that the language of the applicable statute does not speak in terms of transferring funds; the offense merely requires that there be an intent to "finance" or "invest." *Id.* The Court's discussion of the facts in *Jordan* almost mirrors those in the instant case. We quote:

> Although the funds in the case before us had not changed hands, the money had been "raised" and "commit[ted]" by agreement for the purpose of gaining possession of cocaine. [footnote discussed *infra* ] Indeed, proof that appellants had the money readily available and were using it to set up a purchase of cocaine is amply supported by the evidence and is not disputed in any of the briefs before this Court. The evidence showed that after an agreement to purchase cocaine had been made the three appellants met Perez in a Denny's parking lot to consummate the drug buy. Biggins and Richardson showed the money to the officer and by words and deeds let the officer know that such was for the purchase of the cocaine. It is clear to us that when the record is viewed in the light most favorable to the jury's verdict appellants had "financed and/or invested" $15,-620 and intended such to further their possession of the cocaine. The evidence is sufficient to support the jury's verdict.

*Id.*

Interestingly, the footnote contained in the above quoted portion of *Jordan* reads, "The Court of Appeals correctly observed that it was not necessary for the cocaine to actually be received as long as there was evidence that appellants believed that funds would *"further* the possession" of the controlled substance." (emphasis in original). As we read *Jordan*, it appears that a conviction for Illegal Expenditure or Investment under Subdivision (a)(2) of Section 481.126 may be sustained without either the funds or the contraband changing hands. Indeed, with the gravamen of the offense being the "intent to finance or invest" funds, there is apparent-ly no need to prove that any contraband actually existed during the course of the undercover operation so long as there is proof that the accused either knew or believed that the funds in question were intended to further the commission of any of the enumerated drug offenses.

■ As for the venue issue, we find that based upon the testimony of Deputy Waters, any rational trier of fact could have found that the bulk of the negotiations between appellant and Deputy Waters, as well as the ultimate, albeit aborted, transfer of funds for contraband in which appellant played the role of "broker" in getting the actual investors together with the supplier, occurred in Montgomery County, Texas.

Moving on to appellant's second point of error complaining of insufficient evidence of any personal investment of funds by appellant, appellant constantly refers to the language contained in the indictment in support of his claim of insufficient evidence to sustain the conviction. Appellant's focus on the indictment is misplaced. In *Jones v. State*, 815 S.W.2d 667, 668 (Tex.Crim.App.1991), the Court reiterated that the sufficiency of the evidence to sustain a conviction must be measured against the entire jury charge. *Jones* also recognized the long line of cases standing for the proposition that it is the application paragraph of the jury charge which authorizes conviction. *Id.* at 669.

■ In examining the application paragraph in the instant case, we discover that the jury was authorized to convict appellant as a party to the offense of Illegal Expenditure or Investment. *See* TEX.PENAL CODE ANN. §§ 7.01 & 7.02 (Vernon 1974). Furthermore, the trial court fully applied the law of parties to the specific facts of the instant case. *See Chatman v. State*, 846 S.W.2d 329 (Tex.Crim.App.1993). Therefore, the fact that appellant himself had no money to expend or invest in the purchase of the 52 pounds of marijuana is of no consequence so long as proof existed in the record that appellant "acted with intent to promote or assist the commission of the offense by David Oswald and James Huntsinger by soliciting, encouraging, directing, aiding or attempting to aid David Oswald and James Huntsinger

to commit the offense, ..." We find extensive proof in the record before us that would permit any rational trier of fact to find appellant guilty as a party to the offense of Illegal Expenditure or Investment beyond a reasonable doubt. Points of error one and two are overruled.

Relying on the language of *Jordan* quoted above, appellant's third point of error also has no merit. The *Jordan* Court stated that a conviction could be sustained even if the contraband at the center of the illegal investment or expenditure was not actually received so long as the defendants believed that their funds would "further the possession" of said contraband. *Jordan*, 816 S.W.2d at 92, n. 5. As such, it was not necessary in the instant case to have the marijuana tested for quality or quantity. As stated above, ample evidence existed that the actual investors along with appellant knew and believed that the $47,500 was going toward the purchase of over 50 pounds of marijuana. Mere verbal communication by appellant of the desire and intent that the amount of marijuana to be purchased must be 50 pounds or more was sufficient to prove that the investment of the $47,500 was intended to further the commission of the offense of aggravated possession of marijuana as defined under Tex.Health & Safety Code Ann. § 481.121(c) (Vernon 1989). Point of error three is therefore overruled. The judgment and the sentence of the trial court are affirmed.

AFFIRMED.