Isabel R. CAVAZOS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 04–94–00118–CR.

Court of Appeals of Texas, San Antonio.

Feb. 8, 1995.

Grady L. Roberts, Jr., John W. Bull, Law Offices of Grady L. Roberts, Jr., Pearsall, for appellant.

Terry Breen, Asst. Dist. Atty., 81st Judicial Dist., Jourdanton, for appellee.

Before CHAPA, C.J., and HARDBERGER and GREEN, JJ.

PER CURIAM.

This appeal is taken from a conviction for illegal investment with intent to possess 400 grams or more of cocaine. The jury found appellant guilty and assessed punishment at 40 years in prison, together with a $50,000 fine. In five points of error, appellant raises issues of sufficiency of the evidence, double jeopardy, ineffective assistance of counsel, and jury misconduct. The conviction is affirmed.

Deputy Louis Hernandez, an undercover law enforcement officer, posed as a drug dealer with twenty kilograms of cocaine for sale. He made contact with appellant, who wanted to buy five kilos. At one of their meetings, a price of $15,000 per kilo was negotiated, for a total sale price of $75,000. The sale was to be completed the next day. Appellant and Hernandez met the next day as planned but appellant did not bring the purchase money. Hernandez told appellant he was leaving. Appellant again promised to get the money and offered Hernandez $3000 as an inducement to stay in the area for another 24 hours, presumably to give appellant more time to raise the purchase money. Appellant left, returning 10 minutes later with $2000. Hernandez accepted the cash and agreed to stay another day. Two days later, appellant told Hernandez that he could not get the money. The proposed cocaine transaction was never consummated.

Appellant's first two points of error challenge the sufficiency of the evidence. Appellant claims that the evidence presented at trial was insufficient to prove the elements of the offense for which he was charged—that he (1) knowingly or intentionally financed or invested funds (2) known or believed to be intended to further (3) the possession of 400 grams or more of cocaine. TEX. HEALTH & SAFETY CODE ANN. § 481.126(a) (Vernon 1992); *Jordan v. State*, 816 S.W.2d 89, 91 (Tex.Crim.App.1991).

The standard for reviewing the sufficiency of the evidence is whether, viewing

the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

■ Appellant first challenges the evidence purporting to establish that he financed or invested funds in the alleged cocaine transaction. In this context, the Court of Criminal Appeals has defined "finance" to mean "to raise or provide funds or capital for," or "to furnish with necessary funds." *Jordan*, 816 S.W.2d at 92. The Court has further defined "invest" to mean "to commit [money] in order to earn a financial return." *Id.* The State is required to prove either or both of these elements. TEX. HEALTH & SAFETY CODE ANN. § 481.126(a) (Vernon 1992); *Jordan*, 816 S.W.2d at 92.

Appellant contends he never had the $75,000 purchase money and thus could neither have "financed" nor "invested in" the transaction. He further contends that the $2000 payment amounted to no more than the purchase of a service contract for an extra day of Hernandez' time and acquired for him no interest in the proposed cocaine transaction. Appellant also claims that since the financial situation regarding the $75,000 did not change during the additional twenty-four hours that he purchased, the attempted possession of the cocaine was not furthered by the $2000 payment.

It is the payment by appellant of the $2000 to Officer Hernandez that forms the basis for the conviction. Appellant bought the additional time because he believed his opportunity to purchase the cocaine would otherwise be lost. It was precisely the purchase of the extra twenty-four hours that furthered appellant's intention to possess the cocaine. The offense charged did not require an actual purchase of cocaine; therefore, it does not matter that the $75,000 was never raised. The offense only required some investment of funds that was intended to further the possession. *Jordan*, 816 S.W.2d at 92. The evidence is sufficient to allow a rational juror to conclude beyond a reasonable doubt that appellant knowingly or intentionally invested or financed funds for that purpose.

■ Appellant also challenges the evidence that he financed or invested the money for the purpose of furthering the possession of cocaine. He cites a 1931 case that defines furtherance as the "act of furthering, helping forward, promotion, advancement or progress." *See Maryland Casualty Co. v. Smith*, 40 S.W.2d 913, 914 (Tex.Civ.App.—Dallas 1931, no writ). But even under appellant's definition, a rational trier of fact could conclude that appellant paid $2000 for the purpose of advancing his possession of cocaine. The evidence detailed above shows that appellant knew the officer had five kilos of cocaine that he was willing to sell for $75,000. Further, the evidence shows, without dispute, that appellant did not have the money when it was due, but claimed he could get it if given more time; that Officer Hernandez told appellant that he would take his business elsewhere if he did not get the $75,000 soon; and that appellant paid Officer Hernandez $2000 to gain more time. Based on this evidence, a rational juror could conclude beyond a reasonable doubt that appellant paid the $2000 with the intention of buying additional time to raise the necessary money to purchase the cocaine, thus "furthering" the possession of the cocaine as required for the offense. Appellant's first two points of error are overruled.

■ In his third point of error, appellant contends that his criminal trial constituted a second punishment for the same offense and thus violated the Double Jeopardy clauses of the United States and Texas Constitutions. Prior to his trial and criminal conviction, the State instituted a civil forfeiture proceeding under Chapter 59 of the Texas Code of Criminal Procedure against the $2000 that appellant had paid to Hernandez. The State was awarded a default judgment in that proceeding and appellant was divested of any ownership interest he may have had in the funds. Appellant urges that the entry of the civil forfeiture judgment barred the criminal prosecution because the civil judgment must be characterized as "punishment."

Texas authorities are split on the issue of whether a civil forfeiture action constitutes

"punishment" for the purposes of double jeopardy analysis. *See e.g. Johnson v. State,* 882 S.W.2d 17 (Tex.App.—Houston [1st Dist.] 1994, pet. granted) (holding that Chapter 59 forfeiture may not constitute punishment for double jeopardy purposes); *Fant v. State,* 881 S.W.2d 830 (Tex.App.—Houston [14th Dist.] 1994, pet. granted) (holding that Chapter 59 forfeiture does constitute punishment for purposes of double jeopardy analysis). But it is unnecessary for this court to address the issue in this case because the defendant here *voluntarily* relinquished the property that later became the subject of a forfeiture action and thus the forfeiture judgment does not constitute a punishment barring his criminal conviction.

Appellant cites several cases in support of his contention that the forfeiture judgment barred his criminal conviction. But those cases involve the involuntary divestment of property through state action. *See Montana Dep't of Revenue v. Kurth Ranch,* —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767, 128 L.Ed.2d 767 (1994) (government imposed a marijuana tax on the defendant); *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) (government sought forfeiture of defendant's mobile home and automobile body shop); *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989) (defendant fined under the Federal False Claims Act); *United States v. $405,089.23,* 33 F.3d 1210 (9th Cir. 1994) (government sought forfeiture of *seized* currency) and *Fant,* 881 S.W.2d at 830 (State sought forfeiture of defendant's cash and cellular phone). We agree with the State that the facts in this case distinguish it from the line of cases dealing with the double jeopardy issue.

Appellant contends the $2000 in question was offered to Officer Hernandez for "his time," in the nature of a contract for services, to give appellant an extra day. Officer Hernandez accepted the offered payment and complied with his end of the bargain by remaining in the area. Appellant thus paid for a service that was fully rendered. It is disingenuous to claim that this voluntary and bargained-for payment by appellant should now be considered a "punishment" for double jeopardy purposes. The subsequent forfeiture action cannot operate to transform this voluntary payment transaction into a punishment.

■ But even if the forfeiture action is given meaning, appellant has the burden of establishing that the forfeiture amount was disproportionate to the damages caused to the state, and appellant has made no attempt to satisfy that burden. *See United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989); *Ex Parte Camara,* 893 S.W.2d 553 (Tex.App.—Corpus Christi, 1994, no pet. h.). Appellant's third point of error is overruled.

■ Appellant alleges ineffective assistance of counsel in his fourth point of error. He charges that his trial counsel failed to file any pretrial motions, particularly one urging double jeopardy, and failed to move for a directed verdict. The proper test for evaluation of appellant's claim is set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellant must show that (1) his counsel was deficient, and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," or in other words, appellant must show harm. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

Appellant's argument fails because he was not harmed. Appellant has not shown that a pretrial motion raising double jeopardy would have been successful. And if a directed verdict would have been proper in the trial court, the same result can be accomplished on appeal. The alleged errors committed by appellant's trial counsel did him no harm. Appellant's fourth point of error is overruled.

The fifth and final point of error alleges that jury misconduct deprived appellant of due process of law. This contention was brought before the trial court in a motion for new trial. Appellant and the State offered conflicting affidavits on the jury misconduct issue. The trial court resolved any fact issues on the question by denying the motion for new trial. This court will not set aside

that ruling. Appellant's fifth point of error is overruled.

The judgment of conviction is affirmed.