TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00581-CR





Ruben Trujillo Guillen, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-95-0649-S, HONORABLE DICK ALCALA, JUDGE PRESIDING






PER CURIAM


 A jury found appellant guilty of possessing 2000 pounds or less but more than 50 pounds
of marihuana. Tex. Health & Safety Code Ann. § 481.121(a), (b)(5) (West Supp. 1997). The jury also
found appellant guilty of financing or investing funds to further the commission of the possessory offense. 
Act of May 29, 1993, 73d Leg., R.S., ch. 900. § 2.02, 1993 Tex. Gen. Laws 3586, 3710 (Tex. Health
& Safety Code Ann. § 481.126(a)(2), since amended). The jury assessed punishment at imprisonment
for twenty years and a $10,000 fine for the former offense, and at imprisonment for twenty-five years and
a $10,000 fine for the latter offense.

 Appellant contends the evidence is legally insufficient to sustain his conviction for illegal
investment. He also contends that section 481.126, as it read at the time of the offense, was
unconstitutionally vague. Appellant does not bring forward a point of error challenging his conviction for
possession of marihuana.

 In May 1995, Esequiel Rodarte, a Department of Public Safety narcotics officer, learned
from a confidential informer that a person known as El Burro wanted a load of marihuana moved from the
Mexican border to San Angelo. Acting on this information, undercover narcotics officers met El Burro and
his associates near Santa Elena in Big Bend National Park and took possession of twenty-four bundles of
marihuana weighing 1450 pounds. The officers were to deliver the marihuana to a man named Arturo, who
could be contacted at a New Mexico telephone number. After arriving in San Angelo, Officer Jim
Greenlee called the New Mexico number and spoke to a woman who told him to call Sergio Lujan in
Odessa. After several telephone conversations, Lujan agreed to meet Greenlee in San Angelo on May 7
to take delivery of the marihuana.

 As arranged, Greenlee met Lujan in a department store parking lot in San Angelo on the
night of May 7. Lujan was in a white Chevrolet automobile driven by appellant but registered in New
Mexico to Lujan. Lujan gave Greenlee a roll of cash (the agreed price for transporting the marihuana had
been $10,000) and Greenlee gave Lujan directions to a ranch in Irion County where the marihuana was
hidden. Appellant arrived at the delivery site driving a motor home. Lujan, now accompanied by Arturo,
arrived in his Chevrolet. While Arturo and appellant loaded the marihuana into the motor home, Greenlee
and Lujan counted the cash (it proved to be $9550). Greenlee and Lujan also discussed the possibility of
Greenlee making additional deliveries for Lujan in the future. The group then returned to a gasoline station
in San Angelo where appellant bought gas for the motor home and Lujan made a telephone call. Appellant
left the station driving the motor home, while Lujan and Arturo left in Lujan's car.

 Appellant was stopped and arrested eleven miles north of Sterling City. Three women and
three children were in the motor home with appellant. Officers found forty-two bundles of marihuana in
the motor home, the twenty-four delivered that night and eighteen of unknown origin. The motor home was
registered in appellant's name. Documents in evidence indicate that appellant purchased the motor home
in New Mexico in April 1995. A police officer testified that on May 5, 1995, the motor home had been
parked in a roadside park between San Angelo and Sterling City. On that date, a white Chevrolet
automobile with New Mexico plates stopped at the roadside park near the motor home. The two men in
the car had a conversation with a third man in the park. 

 Appellant contends that no rational trier of fact could conclude beyond a reasonable doubt
from the evidence in this cause that he intentionally or knowingly financed or invested funds he knew or
believed were intended to further the commission of marihuana possession. See Jackson v. Virginia, 443
U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991) (test for legal sufficiency of
evidence). "Finance" means "to raise or provide funds or capital for" or "to furnish with necessary funds." 
Jordan v. State, 816 S.W.2d 89, 92 (Tex. Crim. App. 1991). "Invest" means "to commit money in order
to earn a financial return." Id. Appellant argues that there is no evidence that he raised or committed any
of the money used to gain possession of the marihuana on the night of May 7. Appellant argues that far
from being a "drug kingpin" of the sort section 481.126 was intended to reach, he was merely a "mule"
hired to transport the marihuana.

 Appellant's argument ignores the fact that the district court instructed the jury on the law
of parties and applied that law to the facts of the case. Tex. Penal Code Ann. § 7.02(a)(2). The court
authorized conviction either on a finding that appellant personally financed or invested funds intended to
further the possession of marihuana, or on a finding that Lujan financed or invested the funds and that
appellant aided Lujan with the intent to promote or assist in the offense. We believe the evidence, when
viewed in the light most favorable to the jury's verdict, supports appellant's conviction as a party to the
offense. Clearly, Lujan invested $9550 to secure possession of the marihuana. Appellant drove Lujan to
the meeting with Greenlee at which the money changed hands. From the other evidence, the jury could
rationally conclude that appellant did this knowing the purpose of the meeting and with the intent to assist
Lujan's investment. Point of error one is overruled.

 Next, appellant contends the phrase "further the commission of an offense" rendered
section 481.126(a)(2) unconstitutionally vague. In support of this contention, appellant repeats the
arguments advanced by the defendant in Ex parte Luster, 846 S.W.2d 928 (Tex. App.--Fort Worth
1993, pet. ref'd). These arguments were considered and rejected by the Luster court. We find that
court's reasoning persuasive and adopt it in this cause. Point of error two is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: April 17, 1997

Do Not Publish



epartment store parking lot in San Angelo on the
night of May 7. Lujan was in a white Chevrolet automobile driven by appellant but registered in New
Mexico to Lujan. Lujan gave Greenlee a roll of cash (the agreed price for transporting the marihuana had
been $10,000) and Greenlee gave Lujan directions to a ranch in Irion County where the marihuana was
hidden. Appellant arrived at the delivery site driving a motor home. Lujan, now accompanied by Arturo,
arrived in his Chevrolet. While Arturo and appellant loaded the marihuana into the motor home, Greenlee
and Lujan counted the cash (it proved to be $9550). Greenlee and Lujan also discussed the possibility of
Greenlee making additional deliveries for Lujan in the future. The group then returned to a gasoline station
in San Angelo where appellant bought gas for the motor home and Lujan made a telephone call. Appellant
left the station driving the motor home, while Lujan and Arturo left in Lujan's car.

 Appellant was stopped and arrested eleven miles north of Sterling City. Three women and
three children were in the motor home with appellant. Officers found forty-two bundles of marihuana in
the motor home, the twenty-four delivered that night and eighteen of unknown origin. The motor home was
registered in appellant's name. Documents in evidence indicate that appellant purchased the motor home
in New Mexico in April 1995. A police officer testified that on May 5, 1995, the motor home ha