

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

August 6, 2007

The Honorable Steven M. Hollis
Jasper County Criminal District Attorney
121 North Austin Street, Room 101
Jasper, Texas 75951

Opinion No. GA-0560

Re: Whether the Justice Court Technology Fund may be used to purchase technology equipment and to provide training for constables (RQ-0569-GA)

Dear Mr. Hollis:

You ask whether Jasper County's Justice Court Technology Fund ("Fund"), created under article 102.0173, Code of Criminal Procedure, may be expended on a computer for a constable.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 102.0173 (Vernon 2006). You also ask whether the Fund may be expended on continuing education and training for a constable. *See* Request Letter, *supra* note 1, at 1. You inform us that a justice of the peace asked the commissioners court to purchase desktop computer systems for his office and for the office of the constable serving the same county precinct. *See id.* The justice of the peace proposes that the Fund be used to pay for both computers. *See id.*

## I. Article 102.0173, Code of Criminal Procedure

Article 102.0173 requires a county commissioners court to establish a justice court technology fund from fees paid by defendants convicted of a misdemeanor offense in justice court. *See* TEX. CODE CRIM. PROC. ANN. art. 102.0173(a), (c) (Vernon 2006). Subarticle (d) limits the use of a justice court technology fund:

> (d)  A fund designated by this article may be used *only to finance*:
>
> (1)  the cost of continuing education and training for justice court judges and clerks regarding technological enhancements for justice courts; and
>
> (2)  the purchase and maintenance of technological enhancements for a justice court, including:

---

[1]*See* Letter from Honorable Steven M. Hollis, Jasper County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Feb. 8, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter]; *see also* Memorandum attached to Request Letter from Honorable Mark W. Allen, Jasper County Judge, to Honorable Steven M. Hollis, Jasper County Criminal District Attorney (Feb. 7, 2007).

(A)   computer systems;

(B)   computer networks;

(C)   computer hardware;

(D)   computer software;

(E)   imaging systems;

(F)   electronic kiosks;

(G)   electronic ticket writers; and

(H)   docket management systems.

*Id.* art. 102.0173(d) (emphasis added).

In construing a statute, one looks "first to the 'plain and common meaning of the statute's words.'" *State ex rel State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002) (quoting *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999)). "If a statute's meaning is unambiguous, we generally interpret the statute according to its plain meaning." *Id.*

A Texas court of appeals has found the terms "only" and "purely" to be synonymous with the term "exclusively." *See Standard Oil Co. v. State*, 142 S.W.2d 519, 522 (Tex. Civ. App.—Eastland 1940, writ ref'd); *see also* WEBSTER'S UNIVERSAL COLLEGE DICTIONARY 555 (1997) (term "only" is defined to mean "without others or anything further; alone; solely; exclusively . . . ."). And the term "finance" has been construed to mean "to raise or provide funds or capital for" or "to furnish with necessary funds." *Jordan v. State*, 816 S.W.2d 89, 92 (Tex. Crim. App. 1991) (quoting WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 463 (1985)); *see also* WEBSTER'S UNIVERSAL COLLEGE DICTIONARY 301 (1997) (defining finance to mean "to supply with money or capital; obtain money or credit for").

Thus, in accordance with the plain language of article 102.0173(d), the Fund may be used exclusively to provide funds or capital for (1) the cost of certain continuing education and training for justice court judges and clerks, and (2) the purchase and maintenance of technological enhancements for a justice court.

## II.     Analysis

### A.     Computer for Constable

Any computers and other technological enhancements purchased under article 102.0173(d) must be for the benefit of the justice court. You argue that "constables, although a separate office,

have traditionally been treated as an extension of justice courts." Request Letter, *supra* note 1, at 1. Thus, you suggest, the Fund may be used to purchase a computer for a constable because of that office's relationship to the justice court. *Id.*

We disagree with your conclusion, while recognizing that a constable has certain statutory duties related to the justice court. For example, he is required to attend each justice court held in the precinct. *See* TEX. LOC. GOV'T CODE ANN. § 86.021(e) (Vernon Supp. 2006). A constable may also perform duties related to calling a jury for the justice court. *See* TEX. GOV'T CODE ANN. §§ 62.004(a) (Vernon Supp. 2006) ("The district clerk and the sheriff or any constable of the county shall draw the names of the prospective jurors for a justice court . . . ."); .012(b)(2) (Vernon 2005) (the sheriff or constable shall receive the list of jurors to be summoned for a justice court jury); .412(c) (authority of justice of the peace to command the sheriff or constable to immediately summon additional persons for jury service). The constable must serve process directed to him by any lawful officer, including a justice of the peace. *See* TEX. LOC. GOV'T CODE ANN. § 86.021(a) (Vernon Supp. 2006); *see also* TEX. R. CIV. P. 536 (any sheriff, constable, or other person authorized by law may serve process for justice court). Further, we recognize constables may, in the exercise of some duties, be an integral part of the judicial process. *See Byrd v. Woodruff*, 891 S.W.2d 689, 707 (Tex. App.—Dallas 1994, writ denied); *see also Merritt v. Harris County*, 775 S.W.2d 17, 23 (Tex. App.—Houston [14th Dist.] 1989, writ denied) ("[Constables] are considered under the control of the court in enforcing a court order.")

The constable's role in relation to the justice court does not, however, mean that a constable is equivalent to the justice court. *See Merritt*, 775 S.W.2d at 23 ("As officers of the court, [constables] are under a duty to execute process *and are not a tribunal to determine doubtful questions of fact.*") (emphasis added); *see also Belcher v. Cassidy Bros. Live-Stock Comm'n Co.*, 62 S.W. 924, 925–27 (Tex. Civ. App.—Fort Worth 1901, writ denied) (court could not order sheriff or constable to exercise judicial power necessary to partition commingled cattle).

The office of constable is autonomous, distinct from the office of justice of the peace. A constable is elected to a constitutionally established office and his statutory duties to serve process and attend the justice court are conferred upon him and not on the justice court. *See* TEX. CONST. art. V, § 18(a) (providing for the election of one constable in each precinct of each county for a term of four years); *see also* TEX. LOC. GOV'T CODE ANN. § 86.021(a), (e) (Vernon Supp. 2006). Even in serving process a constable may exercise some discretion. *See* TEX. LOC. GOV'T CODE ANN. § 86.022 (Vernon 1999). A constable is moreover a peace officer with the attendant authority and responsibilities of that office. *See* TEX. CODE CRIM. PROC. ANN. art. 2.12(2) (Vernon Supp. 2006); *see also Vondy v. Comm'rs Ct.*, 714 S.W.2d 417, 421 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.). Thus, he has duties unrelated to the justice court, which require him to exercise his official discretion. *See Carpenter v. Barner*, 797 S.W.2d 99, 101 (Tex. App.—Waco 1990, writ denied).

As we have determined, a constable is not a mere extension of the justice court and a constable's relationship to the justice court is not sufficient to authorize expenditures from the Fund for the constable. We do not, however, rule out the possibility that a computer for a constable might in some circumstances serve as a technological enhancement for a justice court. Whether it would

serve such a purpose in this particular instance is a question of fact that the commissioners court must determine in the first instance and is not appropriately resolved in the opinion process. *See* TEX. CODE CRIM. PROC. ANN. art. 102.0173(e) (Vernon 2006) (justice court technology fund is administered by or under the direction of the commissioners court); Tex. Att'y Gen. Op. No. GA-0533 (2007) at 5 (explaining that resolving questions of fact is not appropriate for the opinion process).

### B.     Continuing Education and Training for Constable

We next consider whether the Fund may be used to pay for continuing education and training for constables. According to the plain language of subarticle (d), expenditures for specific training and educational costs can be made *only* for the benefit of "justice court judges and clerks." TEX. CODE CRIM. PROC. ANN. art. 102.0173(d)(1) (Vernon 2006). A justice of the peace serves as the justice court judge. *See* TEX. CONST. art. V, § 18; TEX. GOV'T CODE ANN. §§ 27.001–.059 (Vernon 2004 & Supp. 2006); *see also Bunker v. State*, 177 S.W. 108, 113 (Tex. Crim. App. 1915) ("The court held by the justice of the peace under authority of the Constitution and laws of this state, is known and generally called the 'justice court'. . . ."). Justice court clerks are those designated as such pursuant to Government Code section 27.056. *See* TEX. GOV'T CODE ANN. § 27.056 (Vernon 2004). Because the office of constable is neither a justice of the peace nor a justice court clerk, the Fund may not be expended for a constable's continuing education and training.

## S U M M A R Y

The Justice Court Technology Fund established under Code of Criminal Procedure article 102.0173 may be used only for technological enhancements for the justice court and continuing education and training for justice court judges and clerks regarding technological enhancements. Whether the purchase of a computer for a constable serves as a technological enhancement for the justice court is a fact question to be determined by the commissioners court in the first instance. The Fund may not, however, be used to finance continuing education and training for a constable.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Susan Garrison
Christy Drake-Adams
Assistant Attorney Generals, Opinion Committee