**Tommy Lee MADISON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–95–00140–CR.**

Court of Appeals of Texas,
Texarkana.

April 18, 1996.

William Howard McDowell, Sulphur Springs, for appellant.

Jeff Starnes, Hopkins County Asst. District Attorney, Sulphur Springs, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Tommy Madison appeals his conviction for the offense of aggravated possession of a controlled substance. He contends that evidence introduced at trial was obtained in an unlawful search of his vehicle and that his conviction places him in double jeopardy because of a prior civil forfeiture of the vehicle. We resolve these issues in favor of the State and affirm the conviction.

On July 27, 1994, Madison was driving eastbound on Interstate 30 near Sulphur Springs when he was stopped by officer Willie Drabble of the Texas Department of Public Safety for failure to wear a seat belt. Upon approaching the car, Drabble observed that the inspection sticker on the car had expired more than two years earlier. Drabble asked Madison to wait outside the car while he performed a license and registration check over the radio. Drabble learned that Madison had a felony record, but no currently outstanding warrants. Drabble placed Madison under arrest for failure to wear a seat belt and for driving with an expired inspection sticker. He then handcuffed Madison and took him to the patrol car.

With Madison in custody, Drabble returned to the vehicle and began an inventory of its contents. In the interior of the car, he found various personal items. He next took the keys out of the ignition and opened the trunk. Inside the trunk, he saw a double-barreled shotgun, a brown satchel, and a blue nylon bag. Drabble opened the satchel and found, in addition to some toiletry items, two pipes with burn residue which appeared to have been used for smoking crack cocaine. He then opened the blue bag and found six tightly-wrapped bundles. He cut into one of the bundles, spilling out a powder which appeared to be cocaine. Drabble then im-

pounded the vehicle and its contents and took Madison to the sheriff's office. The blue bag was later determined to contain ten kilograms of cocaine.

On December 14, 1994, a default judgment was entered forfeiting Madison's vehicle, a 1986 Oldsmobile. On May 2, 1995, a jury found Madison guilty of aggravated possession of a controlled substance and assessed punishment at life in prison.

Madison contends that the cocaine seized from the trunk of his car was obtained in violation of his rights under the United States and Texas Constitutions. A peace officer may arrest a driver for failure to wear a seat belt. TEX.TRANSP.CODE ANN. §§ 543.001, 545.413 (Vernon 1996); *Valencia v. State,* 820 S.W.2d 397, 399 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). Upon making a valid arrest, an officer may search the suspect's vehicle for the purpose of taking an inventory. *Colorado v. Bertine,* 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987); *Stephen v. State,* 677 S.W.2d 42, 44 (Tex.Crim.App.1984); *Backer v. State,* 656 S.W.2d 463, 464 (Tex.Crim.App.1983); *Starlling v. State,* 743 S.W.2d 767, 772 (Tex.App.—Fort Worth 1988, pet. ref'd). An inventory search may be reasonable under the United States Constitution's Fourth Amendment even though it is not conducted pursuant to a warrant based upon probable cause, because the policies behind the warrant requirement are not implicated in an inventory search. *Bertine,* 479 U.S. at 371, 107 S.Ct. at 740–41, 93 L.Ed.2d at 745. Inventory searches are conducted not to investigate criminal activity, but instead to protect the owner's property while it is in police custody, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger. *Id.; see also Stephen,* 677 S.W.2d at 44. An inventory search is permissible so long as it is conducted in accordance with established police department policies for such searches. *Florida v. Wells,* 495 U.S. 1, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990); *Stephen,* 677 S.W.2d at 44.

Drabble testified that after arresting Madison for not wearing a seat belt and for driving with an expired inspection sticker, he

proceeded to conduct an inventory search pursuant to the established policy of the Texas Department of Public Safety. He testified that this policy includes opening the trunk of the vehicle and any containers found therein. We hold that the inventory of the vehicle's contents did not violate the Fourth Amendment.

Madison also argues that the inventory search violated article I, section 9 of the Texas Constitution. Madison relies on *Autran v. State*, 887 S.W.2d 31 (Tex.Crim.App. 1994), in which a three-judge plurality of the court of criminal appeals held an inventory search under circumstances very similar to these to be prohibited by the Texas Constitution. Recently, this court expressly declined to treat the *Autran* plurality opinion as precedent. *Hatcher v. State*, 916 S.W.2d 643, 645–46 (Tex.App.—Texarkana 1996, pet. filed). Therefore, under pre-*Autran* authority, because there was testimony that an inventory policy existed and was followed, the search here was permissible under the Texas Constitution as well. *See Stephen*, 677 S.W.2d at 44.

■■■■ Madison also contends that his prosecution for possession of cocaine after his vehicle had been forfeited violated the double jeopardy prohibitions of the United States and Texas Constitutions. The state may not subject a defendant to both criminal prosecution and civil sanction for the same offense in separate proceedings if the civil penalty is punitive rather than remedial in nature. *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). The test of whether a civil penalty is punitive is whether the penalty is so excessive as to bear no rational relation to the goal of compensating the government for its costs of investigating and prosecuting the criminal claim. *Id.* A bar to criminal prosecution on such grounds will be found only in rare cases when the civil sanction is overwhelmingly disproportionate to the damages caused by the offense. *Id.* (holding that criminal sentence and fine of $130,000.00 may not both be imposed, in separate proceedings, on defendant charged with submitting $585.00 of fraudulent Medicare claims); *see also Rome-*ro v. State*, 893 S.W.2d 550, 552 (Tex.App.—Texarkana 1994, pet. granted).

In the wake of *Halper*, Texas courts have differed over whether both a civil forfeiture and a criminal conviction may be sought for the same offense in separate proceedings. The majority of courts of appeals, however, have interpreted the *Halper* proportionality analysis to permit such separate proceedings unless there is no rational relation between the amount forfeited and the magnitude of the crime. *Elmore v. State*, 905 S.W.2d 431, 432–33 (Tex.App.—Waco 1995, no pet.); *Cavazos v. State*, 899 S.W.2d 5, 8 (Tex.App.—San Antonio 1995, no pet.); *Ex parte Camara*, 893 S.W.2d 553, 556–58 (Tex.App.—Corpus Christi 1994, no pet.); *Romero*, 893 S.W.2d at 552–53; *Johnson v. State*, 882 S.W.2d 17, 18–20 (Tex.App.—Houston [1st Dist.] 1994, pet. granted); *Ex parte Rogers*, 804 S.W.2d 945, 948 (Tex.App.—Dallas 1990, no pet.); *contra Fant v. State*, 881 S.W.2d 830, 834 (Tex.App.—Houston [14th Dist.] 1994, pet. granted).

■■■■ Under the *Halper* proportionality test and the corresponding decisions by this state's courts of appeals, Madison failed to carry his burden of showing an absence of rational relation between the amount of the civil forfeiture and the goal of compensating society for the damages caused by his criminal conduct. *See Camara*, 893 S.W.2d at 557. The evidence indicated that at the time of his arrest, Madison was in possession of more than ten kilograms of cocaine. The forfeiture extended to only a single item, Madison's 1986 Oldsmobile. Madison has not shown that the value of the vehicle was so disproportionate to the cost of investigating and prosecuting the possession of cocaine as to render its forfeiture punitive rather than remedial in nature.

The judgment is affirmed.

GRANT, Justice, dissenting.

In the present case, the majority determined that failing to wear a seat belt and having an expired inspection sticker was a sufficient basis for a total search of all of the appellant's personal belongings, including those contained in the trunk of his car. This

is another precedent for a complete search of any citizen on the basis of a minor traffic offense and another step toward rendering the rights of the people under the Fourth Amendment a nullity.

I commented extensively on the inventory search in the dissenting opinion in *Hatcher v. State,* 916 S.W.2d 643 (Tex.App.—Texarkana 1996, pet. filed). Unlike *Hatcher,* in the present case there was at least an inventory made. The officer testified that he made such an inventory in accordance with the written policy regarding inventory searches of the Department of Public Safety. No written policy was introduced into evidence. The policy enunciated by the officer's testimony offered no limitations on the search that would protect a citizen from an unreasonable search. Instead, it proclaimed a search-everywhere, open-everything, search-for-everything, without-probable-cause policy. This eliminates probable cause, search warrants, and constitutional protection for drivers of automobiles, as long as some traffic violation can be alleged.

I respectfully dissent.