TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00306-CR






Michael David George, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0991958, HONORABLE JON WISSER, JUDGE PRESIDING 







 Michael David George appeals from his conviction for possession of a controlled
substance, cocaine, in an amount of one gram or more but less than four grams. Tex. Health &
Safety Code Ann. § 481.115(c) (West Supp. 2001). After the trial court found him guilty, the court
assessed punishment at ten years' confinement in the Texas Department of Criminal Justice-Institutional Division, probated for five years' community supervision. In one point of error,
appellant complains of the trial court's failure to suppress that part of the cocaine that was seized
from a locked briefcase. We will overrule the point of error and affirm the conviction.


Factual and Procedural Background



 Officer Jenkins, a police officer with the City of Lakeway, stopped appellant's vehicle
based on an earlier briefing that the driver of the vehicle had an outstanding warrant. Officers Davis
and Parker assisted Jenkins. After Jenkins took appellant into custody and began transporting
appellant to the Central Booking Station, Davis and Parker began to inventory appellant's vehicle
before it was towed to impound, as was the standard policy of the Lakeway Police Department. 
Davis began with the glove box. He found a drinking straw that had been cut and contained a white
residue, which Davis believed was a controlled substance. Davis then found two contact lens cases
in the glove box and opened them. One contained a white powder and the other contained a residue,
both of which later tested positive for cocaine. The officers also found a briefcase in the vehicle. 
The officers at the scene radioed Jenkins and told him to tell appellant to give the officers the
combination to the briefcase or they would open it anyway. Appellant complied. The officers
opened the briefcase and found a baggie of cocaine.

 In one point of error, appellant complains that the search of the briefcase was
improper. (1) Appellant does not otherwise challenge the search; his complaint of harm is that the
amount of cocaine found only in the contact lens cases would have resulted in his conviction for a
state jail felony with a maximum two-year sentence.


Discussion



 Inventory searches are an exception to the warrant requirement of the Fourth
Amendment. Colorado v. Bertine, 479 U.S. 367, 371 (1987). The inventory search of a closed
container, when conducted in accordance with standardized police procedures that require a detailed
inspection and inventory of impounded vehicles, and when administered in good faith, satisfies the
Fourth Amendment to the United States Constitution. Id. Inventory searches approved under the
Fourth Amendment serve three purposes: (1) to protect the owner's property while it is in police
custody; (2) to protect the police against claims or disputes over lost or stolen property; and (3) to
protect the police or public from potential danger. South Dakota v. Opperman, 428 U.S. 364, 369
(1976). Police may open closed containers so long as it is done in accordance with standardized
procedures, when there is no showing that the police acted in bad faith or for the sole purpose of
investigation. Bertine, 479 U.S. at 375-76; see also United States v. Bowhay, 992 F.2d 229, 231 (9th
Cir. 1993) (dual motive of investigation and inventory does not make inventory pretext); United
States v. Frank, 864 F.2d 992, 1001 (3rd Cir. 1988) (same); Trujillo v. State, 952 S.W.2d 879, 882
(Tex. App.--Dallas 1997, no pet.) (Fourth Amendment requires only that the inventory not be a
pretext for a general rummaging).

 Appellant argues that Article I, Section 9 of the Texas Constitution provides greater
protection than the Fourth Amendment from inventory searches, relying on Autran v. State, 887
S.W.2d 31, 42 (Tex. Crim. App. 1994) (holding that police cannot rely upon inventory exception to
conduct search of closed container) (plurality op.). (2) Since Autran, however, the Court of Criminal
Appeals has consistently concluded that Article I, Section 9 does not offer greater protection to
individuals than the Fourth Amendment. See Hulit v. State, 982 S.W.2d 431, 436 (Tex. Crim. App.
1998); Johnson v. State, 912 S.W.2d 227, 232 (Tex. Crim. App. 1995); Crittenden v. State, 899
S.W.2d 668, 673 n.8 (Tex. Crim. App. 1995). Appellant offers no argument or authority as to how
the Texas constitutional protection, under these specific circumstances, differs from the protection
offered by the Fourth Amendment, nor does appellant point to any relevant textual differences. See
Johnson v. State, 853 S.W.2d 527, 533 (Tex. Crim. App. 1992).

 Several sister courts of appeals have held that Article I, Section 9 does not guarantee
any greater privacy interest in closed containers searched under a police department's inventory
search policy than that found under the Fourth Amendment. State v. Mercado, 993 S.W.2d 815, 817
(Tex. App.--El Paso 1999, pet. ref'd); Jurdi v. State, 980 S.W.2d 904, 904 (Tex. App.--Fort Worth
1998, pet. ref'd); Trujillo, 952 S.W.2d at 879 (3); Madison v. State, 922 S.W.2d 610, 613 (Tex.
App.--Texarkana 1996, pet. ref'd). The record in the trial court below includes testimony that the
Lakeway police department had an established inventory policy and that the officers followed it. 
That evidence was sufficient to satisfy the State's burden of proof to show a proper inventory. 
Stephens v. State, 677 S.W.2d 42, 44 (Tex. Crim. App. 1984). 

 Appellant presents us with no compelling argument to revive Autran. Accordingly,
we overrule appellant's only point of error and affirm the trial court's judgment.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: August 30, 2001

Do Not Publish
1. The State contends that appellant waived and failed to preserve any error because he did not
make the same argument to the trial court as he makes on appeal. Tex. R. App. P. 33.1; Bell v. State,
939 S.W.2d 35, 54 (Tex. Crim. App. 1996). Because appellant's complaint fails in any event, we
will address it on the merits.
2. As a plurality opinion, Autran is not binding precedent. See Vernon v. State, 841 S.W.2d 407,
410 (Tex. Crim. App. 1992); Jurdi v. State, 980 S.W.2d 904, 907 (Tex. App.--Fort Worth 1998, pet.
ref'd); Trujillo v. State, 952 S.W.2d 879, 881 (Tex. App.--Dallas 1997, no pet.).
3. In Trujillo, as in this case, the container, a bank bag, was locked as well as closed.