# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00306-CR

**Michael David George, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 0991958, HONORABLE JON WISSER, JUDGE PRESIDING

Michael David George appeals from his conviction for possession of a controlled substance, cocaine, in an amount of one gram or more but less than four grams. Tex. Health & Safety Code Ann. § 481.115(c) (West Supp. 2001). After the trial court found him guilty, the court assessed punishment at ten years' confinement in the Texas Department of Criminal Justice-Institutional Division, probated for five years' community supervision. In one point of error, appellant complains of the trial court's failure to suppress that part of the cocaine that was seized from a locked briefcase. We will overrule the point of error and affirm the conviction.

### Factual and Procedural Background

Officer Jenkins, a police officer with the City of Lakeway, stopped appellant's vehicle based on an earlier briefing that the driver of the vehicle had an outstanding warrant. Officers Davis and Parker assisted Jenkins. After Jenkins took appellant into custody and began transporting appellant to the Central Booking Station, Davis and Parker began to inventory appellant's vehicle

before it was towed to impound, as was the standard policy of the Lakeway Police Department. Davis began with the glove box. He found a drinking straw that had been cut and contained a white residue, which Davis believed was a controlled substance. Davis then found two contact lens cases in the glove box and opened them. One contained a white powder and the other contained a residue, both of which later tested positive for cocaine. The officers also found a briefcase in the vehicle. The officers at the scene radioed Jenkins and told him to tell appellant to give the officers the combination to the briefcase or they would open it anyway. Appellant complied. The officers opened the briefcase and found a baggie of cocaine.

In one point of error, appellant complains that the search of the briefcase was improper.[1] Appellant does not otherwise challenge the search; his complaint of harm is that the amount of cocaine found only in the contact lens cases would have resulted in his conviction for a state jail felony with a maximum two-year sentence.

**Discussion**

Inventory searches are an exception to the warrant requirement of the Fourth Amendment. *Colorado v. Bertine*, 479 U.S. 367, 371 (1987). The inventory search of a closed container, when conducted in accordance with standardized police procedures that require a detailed inspection and inventory of impounded vehicles, and when administered in good faith, satisfies the Fourth Amendment to the United States Constitution. *Id*. Inventory searches approved under the

---

[1] The State contends that appellant waived and failed to preserve any error because he did not make the same argument to the trial court as he makes on appeal. Tex. R. App. P. 33.1; *Bell v. State*, 939 S.W.2d 35, 54 (Tex. Crim. App. 1996). Because appellant's complaint fails in any event, we will address it on the merits.

Fourth Amendment serve three purposes: (1) to protect the owner's property while it is in police custody; (2) to protect the police against claims or disputes over lost or stolen property; and (3) to protect the police or public from potential danger. *South Dakota v. Opperman*, 428 U.S. 364, 369 (1976). Police may open closed containers so long as it is done in accordance with standardized procedures, when there is no showing that the police acted in bad faith or for the sole purpose of investigation. *Bertine*, 479 U.S. at 375-76; *see also United States v. Bowhay*, 992 F.2d 229, 231 (9th Cir. 1993) (dual motive of investigation and inventory does not make inventory pretext); *United States v. Frank*, 864 F.2d 992, 1001 (3rd Cir. 1988) (same); *Trujillo v. State*, 952 S.W.2d 879, 882 (Tex. App.—Dallas 1997, no pet.) (Fourth Amendment requires only that the inventory not be a pretext for a general rummaging).

Appellant argues that Article I, Section 9 of the Texas Constitution provides greater protection than the Fourth Amendment from inventory searches, relying on *Autran v. State*, 887 S.W.2d 31, 42 (Tex. Crim. App. 1994) (holding that police cannot rely upon inventory exception to conduct search of closed container) (plurality op.).[2] Since *Autran*, however, the Court of Criminal Appeals has consistently concluded that Article I, Section 9 does not offer greater protection to individuals than the Fourth Amendment. *See Hulit v. State*, 982 S.W.2d 431, 436 (Tex. Crim. App. 1998); *Johnson v. State*, 912 S.W.2d 227, 232 (Tex. Crim. App. 1995); *Crittenden v. State*, 899 S.W.2d 668, 673 n.8 (Tex. Crim. App. 1995). Appellant offers no argument or authority as to how the Texas constitutional protection, under these specific circumstances, differs from the protection

---

[2] As a plurality opinion, *Autran* is not binding precedent. *See Vernon v. State*, 841 S.W.2d 407, 410 (Tex. Crim. App. 1992); *Jurdi v. State*, 980 S.W.2d 904, 907 (Tex. App.—Fort Worth 1998, pet. ref'd); *Trujillo v. State*, 952 S.W.2d 879, 881 (Tex. App.—Dallas 1997, no pet.).

offered by the Fourth Amendment, nor does appellant point to any relevant textual differences. *See Johnson v. State*, 853 S.W.2d 527, 533 (Tex. Crim. App. 1992).

Several sister courts of appeals have held that Article I, Section 9 does not guarantee any greater privacy interest in closed containers searched under a police department's inventory search policy than that found under the Fourth Amendment. *State v. Mercado*, 993 S.W.2d 815, 817 (Tex. App.—El Paso 1999, pet. ref'd); *Jurdi v. State*, 980 S.W.2d 904, 904 (Tex. App.—Fort Worth 1998, pet. ref'd); *Trujillo*, 952 S.W.2d at 879[3]; *Madison v. State*, 922 S.W.2d 610, 613 (Tex. App.—Texarkana 1996, pet. ref'd). The record in the trial court below includes testimony that the Lakeway police department had an established inventory policy and that the officers followed it. That evidence was sufficient to satisfy the State's burden of proof to show a proper inventory. *Stephens v. State*, 677 S.W.2d 42, 44 (Tex. Crim. App. 1984).

Appellant presents us with no compelling argument to revive *Autran*. Accordingly, we overrule appellant's only point of error and affirm the trial court's judgment.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: August 30, 2001

---

[3]  In *Trujillo*, as in this case, the container, a bank bag, was locked as well as closed.

4

Do Not Publish