ACCEPTED
03-15-00281-CR
6682076
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/27/2015 1:42:07 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00281-CR

(Trial Court No. C-10-0321-SB)

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/27/2015 1:42:07 PM
JEFFREY D. KYLE
Clerk

IN THE
COURT OF APPEALS
FOR THE THIRD SUPREME JUDICIAL DISTRICT OF TEXAS

_____

PEDRO PEREZ MORALES,
                                        Appellant.

VS.

THE STATE OF TEXAS,
                                        Appellee.

_____

From the 340TH Judicial District Court
of Tom Green County, Texas
Honorable Brock Jones, Senior Judge Presiding

_____

**BRIEF OF APPELLANT**

_____

ORAL ARGUMENT NOT REQUESTED

KIRK HAWKINS
17 South Chadbourne, Suite 401
P.O. Box 3645
San Angelo, Texas 76902
325-658-5585
State Bar No. 09250400
E-Mail: kirkhawkinslaw@gmail.com
ATTORNEY FOR APPELLANT

1

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS…………………………………………….. 2

LIST OF AUTHORITIES…………………………………………. 3

NAMES OF ALL PARTIES…………………………………………. 5

STATEMENT OF THE CASE…………………………………………. 5

STATEMENT OF THE EVIDENCE………………………………………… 7

SUFFICIENCY OF THE EVIDENCE………………………………………….. 12

OBJECTIONS…………………………………………………… 13

EFFECTIVENESS OF COUNSEL………………………………………… 13

CONCLUSION………………………………………………….. 14

CERTIFICATE OF SERVICE………………………………………….. 15

# LIST OF AUTHORITIES

**CASES**                                                                                     **Page**

Anders v. California 386 US 738, 87 S. Ct. 1396, 18 L.Ed 2nd 493     7
(1963)

Autran v. State 887 SW2d 31 (Tx. Crim.App. 1994)                              13,14

High v. State 573 SW2d 807 (Tx.Crim.App. 1978                                 7

Madison v. State 922 SW2d 610 CCA Texarkana 1996                        14

Stafford v. State 813 SW2d 503 (Tx.Crim.App. 1991)                         7,13

Strickland v. Washington 466 US 668, 104 S.Ct. 2052, 80 L.Ed.2d
 674 (1984)                                                                                          13

Trujillo v. State 952 SW2d 879 CCA Dallas 1997                               14


**STATUTES**

Texas Penal Code, Section 49.07                                                       5

NO. 03-15-00281-CR

(Trial Court No. C-10-0321-SB)

IN THE
COURT OF APPEALS
FOR THE THIRD SUPREME JUDICIAL DISTRICT OF TEXAS

_____

PEDRO PEREZ MORALES,
                                        Appellant.

VS.

THE STATE OF TEXAS,
                                        Appellee.

_____

From the 340th Judicial District Court
of Tom Green County, Texas
Honorable Brock Jones, Senior Judge Presiding

_____

**BRIEF OF APPELLANT**
_____

TO THE HONORABLE COURT OF APPEALS FOR THE THIRD SUPREME JUDICIAL DISTRICT OF TEXAS:

COMES NOW, PEDRO PEREZ MORALES, by and through his court-appointed attorney, the Appellant in the above-entitled and numbered cause, and files this Brief of Appellant, and in support thereof would show this Honorable

Court as follows:

## NAMES OF ALL PARTIES

In order that the members of the Court may determine disqualifications or refusal pursuant to Rule 74(a) of the Texas Rules of Appellate Procedure, Appellant certifies that the following is a complete list of all parties interested in the outcome and their attorneys of record:

1. Appellant, PEDRO PEREZ MORALES, TDCJ# 01987931, Wheeler State Jail, 986 County Road AA, Plainview, Texas 79072.

2. Defense and trial attorney, JIMMY STEWART, State Bar No. 19211300, 101 South Park Street, San Angelo, Texas 76901.

3. Attorney of record on appeal for Appellant, KIRK HAWKINS, State Bar No. 09250400, P.O. Box 3645, San Angelo, Texas 76902.

4. The Honorable Brock Jones, Trial Judge, Tom Green County Courthouse, 112 West Beauregard, San Angelo, Texas 76903.

5. Appellee, STATE OF TEXAS, represented by Mr. Jason David Ferguson, Assistant District Attorney, Tom Green County Courthouse, Court Street Annex, 124 West Beauregard, San Angelo, Texas 76903.

## STATEMENT OF THE CASE

The Appellant, PEDRO PEREZ MORALES, was indicted on March 29, 2009 for the offense of intoxicated assault with a motor vehicle causing serious bodily injury, Penal Code Section 49.07, a third degree felony (CR p. 8). On January 26, 2011, Appellant was found guilty and sentenced to ten (10) years in

the Institutional Division of the Texas Department of Criminal Justice. Appellant's sentence was suspended and Appellant was placed on probation for ten (10) years (CR p. 19). On May 18, 2012, Appellant's probation was revoked and he was sentenced to ten (10) years in the Institutional Division of the Texas Department of Criminal Justice, fined $2,000.00, and restitution of $5,931.28 (CR p. 57). On October 4, 2012, the Court entered an order reinstating his probation (shock probation) which required the Appellant to participate in the SAFPF Program (CR p. 74-76). The State filed a motion to revoke Appellant's probation once again on September 26, 2014 (CR 95). The motion to revoke was heard on March 12, 2015 before the Honorable Brock Jones, Senior Judge (RR p. 5). The motion to revoke listed seven (7) violations including: 1) failure to make payments; 2) failure to submit a statement of inability to pay; 3) driving while license invalid; 4) possession of a firearm by a felon; 5) displaying fictitious motor vehicle registration; 6) failure to pay urinalysis fees; 7) operating a motor vehicle in violation of the terms and conditions of his probation. Appellant entered a plea of not true (RR p. 8, l. 9). After hearing testimony, the Court found all seven of the allegations true and revoked Appellant's probation and sentenced him (RR p. 41, l. 7 and p. 47, l. 16).

Counsel has reviewed the record and spoken with both counsel for the Appellant and the State's Assistant District Attorney who tried the case. Counsel

can find no arguable grounds on which to appeal. Counsel will attempt to comply with the guidelines regarding such appeals set forth in High v. State 573 SW2d 807 (Tx.Crim.App. 1978), Anders v. California 386 US 738, 87 S. Ct. 1396, 18 L.Ed 2nd 493 (1963), and Stafford v. State 813 SW2d 503 (Tx.Crim.App. 1991).

The record consists of the Clerk's record in one (1) volume of 123 pages which will be referred to as (CR), and the reporter's record which consists of one (1) volume which will be referred to as (RR).

## STATEMENT OF THE EVIDENCE

The State called Alyssa Barton, an officer with Concho Valley Community Supervision and Corrections Department, who testified that she was Appellant's SAFPF aftercare officer (RR p. 9). She testified that Appellant had failed to make the payments as alleged in paragraph III, paragraph 1 of the State's motion to revoke (RR p. 10, l. 17) and that Appellant had failed to submit inability to pay statements as alleged in paragraph 2 (RR p. 11, l. 4). She further testified that Appellant violated the laws of the State of Texas in that he was arrested for driving while license invalid, displaying a false inspection sticker, and being a felon in possession of a firearm (RR p. 11-13). She also testified that he failed to pay his urinalysis fees (RR p. 11, l. 17 through p. 12, l. 3). She also testified that one of the conditions of his probation was that he was not to drive (RR p. 12, l. 4-9). She testified that Appellant had failed to pay the restitution of $5,931.28 and still owed

7

$5,774.78 (RR p. 12, l. 10-19). The Court quickly pointed out that the failure to pay restitution was not alleged in the motion to revoke, and the State agreed that it was irrelevant (RR p. 12, l. 21). On cross-examination, she admitted that she had only been Appellant's probation officer since September 2014. She also indicated that Appellant had successfully completed the SAFPF Program, the Clover House Transitional Treatment Center program, and the aftercare program (RR p. 13).

The State also called Patrick Eugene Garrett, a police officer with the San Angelo Police Department (RR p. 14). He testified that on September 13, 2014, while on patrol, he located a vehicle traveling on West Harris and ran the license plate and it came back that the license had expired in March 2014 (RR p. 14, l. 22 through p. 15, l. 7).

He identified the Appellant as the driver of the vehicle and he also identified the two passengers. He stated that the driver was not able to provide insurance on the vehicle and he noticed that the inspection sticker had been altered and that a number five (5) had been cut out of something and taped over the year number on the sticker. He testified that this was a class B misdemeanor in violation of the Traffic Code (RR p. 15). He testified that he inquired of the Appellant as to the ownership of the vehicle and Appellant stated the vehicle hadn't been switched over to his name yet (RR p. 16, l. 23). Dispatch information the officer that Appellant had an invalid driver's license with two prior convictions for driving

8

while license invalid. At that time he placed Appellant under arrest for driving while license invalid with previous convictions, no insurance, and displaying a fictitious registration sticker (RR p. 17, l. 6-16). He explained that department policy was not to release a vehicle with no insurance to a third party (RR p. 18, l. 8-15). He and the other attending officer then inventoried the vehicle. He testified that throughout the course of the inventory of the trunk, they located DVDs and electronic items, all in their packaging with price tags on them (RR p. 18, l. 20-25). He testified that Officer Faz located a black bag which contained a loaded Ruger 23 revolver with four (4) .22 caliber rounds inside the gun (RR p. 19, l. 1-5). He read the Appellant his Miranda rights, and Appellant advised him that the black bag was his bag (RR p. 19, l. 23-25). He stated that Appellant said the only item in the trunk that belonged to him was a black bag which contained an extra set of keys and a cell phone (RR p. 20, l. 5-9). Appellant also denied any knowledge of the firearm or any of the other items located in the trunk, and claimed that he had recently loaned his vehicle to a friend (RR p. 20, l. 10-14). The officer read the Miranda rights to the Appellant and explained that the only thing the Appellant claimed was his was the black bag (RR p. 20, l. 19 through p. 21, l. 1).

On cross-examination the witness testified that he did run the title to the vehicle and it was not in Appellant's name, but he could not remember the name of the owner (RR p. 22, l. 16-25).

The State called Officer Matthew John Faz who testified he had been with the San Angelo Police Department since 2013 (RR p. 25, l. 19). He testified that during the inventory search, he saw a small black sack bag "like one of those little things that you pull open, like a sack bag, and it was on the passenger side of the vehicle in that little cubby hole where, I guess, where the wheel tire is, and during the inventory I was checking the bag and that's when I found the handgun inside." (RR p. 27, l. 12-20). He testified it was a .22 caliber and it appeared to be a real firearm (RR p. 28, l. 1, 10). He also testified that the bag was in plain view (RR p. 28, l. 17-18).

On cross-examination, Appellant's counsel was able to get the officer to finally state that it was a Ruger .23 caliber pistol (RR p. 29, l. 19-23).

The Appellant himself testified that he was driving a Lincoln and he had two passengers, Ms. Rivas and a friend of his, Stephanie Dodson (RR p. 31). He testified that he could not remember why he was pulled over, but it probably had something to do with the registration being out. He stated he was not aware that the registration had expired. He further testified that the title to the vehicle was in the name of Timothy Salazar and that he was a friend of his from his aftercare program from SAFPF (RR p. 32). He stated he had just had possession of the vehicle for a couple of hours (RR p. 33, l. 2, 3). He then stated it was his girlfriend's car and he had occasionally driven it and he did not consider it his car

(RR . p. 33, l. 7-14). He denied telling the officer it was his car and denied knowing what was in the trunk of the vehicle (RR . p. 33, l. 15-25). He also stated he did not know there was a black bag in the trunk nor that there was a firearm in the trunk (RR p. 34, l. 1-4).

On cross-examination Appellant again denied telling the officer that it was his vehicle and he said he never told the officer that the black bag was his (RR p. 34). He admitted he was driving that night and that the owner of the car was his girlfriend, and he thought she had had the vehicle for a few months and that he had driven it maybe two or three times (RR p. 35). He further admitted that he understood the terms and conditions of his probation (RR p. 35, l. 18-21); that he had not made payments for the nine months alleged (RR p. 36, l. 3-10). He also admitted that he had not filled out the inability to pay forms for those months (RR p. 36, l. 11-15), and admitted that he did not have a valid driver's license when he was pulled over (RR p. 36, l. 18-20). He also admitted that he had not paid the urinalysis fees (RR p. 36, l. 22 through p. 37, l. 5). He also understood that he was not supposed to drive at all which was based on his original charge of intoxicated assault with a vehicle (RR p. 37, l. 6-14).

On the punishment phase, the State recalled Alyssa Barton, Appellant's community supervision officer. She testified that the Appellant was adjudicated and given ten (10) years community supervision on January 6, 2011. A motion to

11

revoke was filed on January 13, 2012 when he was arrested for driving while intoxicated and driving while license suspended. She further testified that his probation was revoked on May 8, 2012 and was sentenced to ten (10) years in prison. On September 24, 2012, Appellant was granted shock probation and sent to SAFPF as a condition of his probation. She testified that he completed SAFPF on June 18, 2013, the halfway house or transitional treatment center on September 16, 2013, and then on March 24, 2014, he completed the aftercare program (RR p. 42, l. 19 through p. 43, l. 10).

## SUFFICIENCY OF THE EVIDENCE

The burden of proof on a motion to revoke is by a preponderance of the evidence. In paragraph III of the motion to revoke, the State alleged seven (7) violations. The Appellant admitted to violation 1 in failing to make payments; to violation 2 for failing to submit his financial inability to pay statements; to violation 3 for driving while license invalid; violation 6 for failure to pay urinalysis fees; and violation 7 for operating a motor vehicle during the term of his community supervision.

Concerning allegation number 4 – possession of a firearm by a felon, and number 5 – displaying a fictitious motor vehicle registration, the Court has the discretion to believe either the Appellant or the officers who made the stop and

12

conducted the search.  Counsel believes that the evidence was sufficient to sustain the revocation of Appellant's probation.

## OBJECTIONS

There were no objections made by either the State nor Appellant's counsel during the course of the trial.

## EFFECTIVENESS OF COUNSEL

Appellant's counsel cross-examined Officer Garrett as to each of the statements he attributed to the Appellant during the initial stop and during the formal questioning after Garrett had read Appellant his Miranda rights.  He cross-examined Officer Faz regarding the exact location of the black bag which Faz found in the trunk of the vehicle.  Based on the conduct at the trial, trial counsel's performance exceeded the standards of effectiveness of counsel based on the definition of ineffective assistance of counsel as per Stafford v. State 813 SW2d 503 (Tx. Crim. App. 1991) and Strickland v. Washington 466 US 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The only possible issue counsel did not address was regarding the inventory search in the opening of the bag.  While testimony was not clear whether the bag was open and the gun might have been in plain view, there was no motion to suppress filed nor was the issue raised at the trial.  In accordance with Autran v. State 887 SW2d 31 (Tx. Crim.App. 1994), an inventory search would not allow the

officers to open any closed containers in the vehicle. Although <u>Autran</u> stands for this principle, it is ab plurality opinion and several Courts of Appeals have not chosen to follow it and have ruled contrary that if there is a policy for inventory searches to be conducted on vehicles that are going to be impounded, the officers could inspect the contents of any closed containers. <u>Trujillo v. State</u> 952 SW2d 879 CCA Dallas 1997, <u>Madison v. State</u> 922 SW2d 610 CCA Texarkana 1996.

Counsel is of the opinion, because of the overwhelming evidence and the admissions of the Appellant as to the other allegations alleged in the State's motion to revoke, that this point is irrelevant.

## CONCLUSION

After reviewing the record of the case, Appellant counsel can find no reversible error.

<div style="margin-left:40%">

Respectfully submitted,

\_\_\_/s/ Kirk Hawkins_____
KIRK HAWKINS
P.O. BOX 3645
SAN ANGELO, TEXAS 76902
325/658-5585
STATE BAR NO. 09250400
E-Mail: kirkhawkinslaw@gmail.com

</div>

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above was served on Mr. Jason David Ferguson, Assistant District Attorney, Tom Green County Courthouse, Court Street Annex, 124 West Beauregard, San Angelo, Texas 76903; and on Appellant, Mr. Pedro Perez Morales, TDCJ#01987931, Wheeler State Jail, 986 County Road AA, Plainview, Texas 79072, on this 27th day of August, 2015.

I further certify that I have mailed a notice to the Appellant at the above-referenced address on August 27, 2015, informing of my intention of filing a frivolous appeal and advising him of his rights to file his own brief and to review the record.

      __/s/ Kirk Hawkins_____
      Kirk Hawkins

## <u>NOTICE TO APPELLANT, PEDRO PEREZ MORALES</u>

**YOU HAVE THE RIGHT TO FILE YOUR OWN BRIEF IN THIS CAUSE. YOU ALSO HAVE THE RIGHT TO REVIEW THE COURT RECORD AND THE COURT REPORTER'S RECORD. YOU HAVE THIRTY (30) DAYS FROM THE DATE OF THE FILING OF THIS BRIEF IN WHICH TO PREPARE AND SUBMIT YOUR OWN BRIEF.**

      __/s/ Kirk Hawkins_____
      **Kirk Hawkins**

ACCEPTED
03-15-00281-CR
6682076
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/27/2015 1:42:07 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00281-CR

(Trial Court No. C-10-0321-SB)

IN THE

COURT OF APPEALS

FOR THE THIRD SUPREME JUDICIAL DISTRICT OF TEXAS

_____

PEDRO PEREZ MORALES,
                              Appellant.

VS.

THE STATE OF TEXAS,
                              Appellee.

_____

From the 340th Judicial District Court
of Tom Green County, Texas
Honorable Brock Jones, Senior Judge Presiding

_____

**CERTIFICATE OF WORD COMPLIANCE**

_____

TO THE HONORABLE COURT OF APPEALS FOR THE THIRD SUPREME JUDICIAL DISTRICT OF TEXAS:

COMES NOW, KIRK HAWKINS, court-appointed attorney for Appellant PEDRO PEREZ MORALES, and files this Certificate of Word Compliance, and would submit the following:

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains 2,522 words (excluding the caption, table of contents, table of authorities, signature, proof of service, certification, and certificate of compliance). This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

Respectfully submitted,

___/s/   Kirk Hawkins_____
KIRK HAWKINS
P.O. BOX 3645
SAN ANGELO, TEXAS 76902
325/658-5585
STATE BAR NO. 09250400
E-Mail:  kirkhawkinslaw@gmail.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above was served on Mr. Jason Ferguson, Assistant District Attorney, Tom Green County Courthouse, Court Street Annex, 124 West Beauregard, San Angelo, Texas 76903; and on Appellant, Pedro Perez Morales #01987931, Wheeler State Jail, 986 County Road AA, Plainview, Texas 79072 on this 27th day of August, 2015.

___/s/   Kirk Hawkins_____
Kirk Hawkins

ACCEPTED
03-15-00281-CR
6682076
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/27/2015 1:42:07 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00281-CR

| | | |
|---|---|---|
| PEDRO PEREZ MORALES, | ) | IN THE COURT OF APPEALS |
| Appellant | ) | |
| | ) | |
| V. | ) | THIRD JUDICIAL DISTRICT |
| | ) | |
| THE STATE OF TEXAS, | ) | |
| Appellee | ) | SITTING AT AUSTIN, TEXAS |

CERTIFICATE OF COUNSEL

In compliance with the requirements of *Anders v. California*, 386 U.S. 378 (1967), I, Kirk Hawkins, court-appointed counsel for Appellant, PEDRO PEREZ MORALES, in the above-referenced appeal, do hereby certify, in writing, to the Court that I have:

1. Notified Appellant that I filed a motion to withdraw as counsel with an accompanying *Anders* brief, and provided a copy of each to Appellant;
2. Informed Appellant of his right to file a pro se response identifying what he believes to be meritorious grounds to be raised in his appeal, should he so desire;
3. Advised Appellant of his right to review the appellate record, should he wish to do so, preparatory to filing that response;
4. Explained the process for obtaining the appellate record, provided a *Motion for Pro Se Access to the Appellate Record* lacking only appellant's signature and the date, and provided the mailing address for this Court; and
5. Informed appellant of his right to seek discretionary review pro se should this Court declare his appeal frivolous.

Respectfully submitted,

___/s/   Kirk Hawkins_____
KIRK HAWKINS
P.O. BOX 3645
SAN ANGELO, TEXAS 76902
325-658-5585
STATE BAR NO. 09250400
E-Mail: kirkhawkinslaw@gmail.com

ATTORNEY FOR APPELLANT