ACCEPTED
03-15-00227-CR
6697411
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/28/2015 11:18:15 AM
JEFFREY D. KYLE
CLERK

NO. 03-15-00227-CR

(Trial Court No. C-14-1091-SA)

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/28/2015 11:18:15 AM
JEFFREY D. KYLE
Clerk

IN THE
COURT OF APPEALS
FOR THE THIRD SUPREME JUDICIAL DISTRICT OF TEXAS

_____

PEDRO PEREZ MORALES,
Appellant.

VS.

THE STATE OF TEXAS,
Appellee.

_____

From the 340TH Judicial District Court
of Tom Green County, Texas
Honorable Ben Woodward, Judge Presiding

_____

**BRIEF OF APPELLANT**

_____

ORAL ARGUMENT NOT REQUESTED


KIRK HAWKINS
17 South Chadbourne, Suite 401
P.O. Box 3645
San Angelo, Texas 76902
325-658-5585
State Bar No. 09250400
E-Mail: kirkhawkinslaw@gmail.com
ATTORNEY FOR APPELLANT

1

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS…………………………………………………..    2

LIST OF AUTHORITIES………………………………………….    3

NAMES OF ALL PARTIES………………………………………….    5

STATEMENT OF THE CASE………………………………………….    5

STATEMENT OF THE EVIDENCE……………………………………    7

PUNISHMENT PHASE …………………………………………….    11

SUFFICIENCY OF THE EVIDENCE………………………………..    12

OBJECTIONS…………………………………………………    13

EFFECTIVENESS OF COUNSEL…………………………………    13

PUNISHMENT……………………………………………..    14

CONCLUSION…………………………………………………..    14

CERTIFICATE OF SERVICE…………………………………..    15

# LIST OF AUTHORITIES

**CASES**                                                                    **Page**

Anders v. California 386 US 738, 87 S. Ct. 1396, 18 L.Ed 2nd 493     6
(1963)

Autran v. State 887 SW2d 31 (Tx. Crim.App. 1994)                    14

High v. State 573 SW2d 807 (Tx.Crim.App. 1978                        6

Madison v. State 922 SW2d 610 CCA Texarkana 1996                    14

Stafford v. State 813 SW2d 503 (Tx.Crim.App. 1991)                  6,13

Strickland v. Washington 466 US 668, 104 S.Ct. 2052, 80 L.Ed.2d
 674 (1984)                                                          13

Trujillo v. State 952 SW2d 879 CCA Dallas 1997                       14


**STATUTES**

Texas Penal Code, Section 49.07                                      5

NO. 03-15-00227-CR

(Trial Court No. C-14-1091-SA)

IN THE
COURT OF APPEALS
FOR THE THIRD SUPREME JUDICIAL DISTRICT OF TEXAS

_____

PEDRO PEREZ MORALES,
Appellant.

VS.

THE STATE OF TEXAS,
Appellee.

_____

From the 340th Judicial District Court
of Tom Green County, Texas
Honorable Ben Woodward, Judge Presiding

_____

**BRIEF OF APPELLANT**
_____

TO THE HONORABLE COURT OF APPEALS FOR THE THIRD SUPREME JUDICIAL DISTRICT OF TEXAS:

COMES NOW, PEDRO PEREZ MORALES, by and through his court-appointed attorney, the Appellant in the above-entitled and numbered cause, and files this Brief of Appellant, and in support thereof would show this Honorable

Court as follows:

## NAMES OF ALL PARTIES

In order that the members of the Court may determine disqualifications or refusal pursuant to Rule 74(a) of the Texas Rules of Appellate Procedure, Appellant certifies that the following is a complete list of all parties interested in the outcome and their attorneys of record:

1. Appellant, PEDRO PEREZ MORALES, TDCJ# 01987931, Wheeler State Jail, 986 County Road AA, Plainview, Texas 79072.

2. Defense and trial attorney, JIMMY STEWART, State Bar No. 19211300, 101 South Park Street, San Angelo, Texas 76901.

3. Attorney of record on appeal for Appellant, KIRK HAWKINS, State Bar No. 09250400, P.O. Box 3645, San Angelo, Texas 76902.

4. The Honorable Ben Woodward, Trial Judge, Tom Green County Courthouse, 112 West Beauregard, San Angelo, Texas 76903.

5. Appellee, STATE OF TEXAS, represented by Mr. Jason David Ferguson, Assistant District Attorney, Tom Green County Courthouse, Court Street Annex, 124 West Beauregard, San Angelo, Texas 76903.

## STATEMENT OF THE CASE

The Appellant, PEDRO PEREZ MORALES, was indicted on November 6, 2014 for the offense of unlawful possession of a firearm by a felon in accordance with Section 46.04(a) of the Texas Penal Code, a third degree felony (CR p. 8). The case was tried before a jury on March 23 and 24, 2015 with the Honorable Ben

5

Woodward, Presiding Judge, of the 119th District Court of Tom Green County, Texas. The jury found Appellant guilty of the offense on March 24, 2015 (CR p. 39) and assessed the Appellant's punishment at five (5) years in the Institutional Division of the Texas Department of Criminal Justice and assessed a $2,000.00 fine.

The State had previously filed a motion to cumulate the sentence (CR p. 9). The Court considered the punishment evidence and granted the State's motion to cumulate the sentence with the ten-year sentence the Appellant had received as a result of a motion to revoke his probation which was heard on March 12, 2015 in cause number C-10-0321-SB, in the 340th District Court of Tom Green County, Texas (RR 3, p. 78, l. 2-6). Appellant filed notice of appeal on April 13, 2015.

Counsel has reviewed the record, spoken with both Appellant's trial counsel and the Assistant District Attorney. Counsel can find no arguable grounds on which to base an appeal. Counsel will attempt to comply with the guidelines regarding such appeals set forth in High v. State 573 SW2d 807 (Tx.Crim.App. 1978), Anders v. California 386 US 738, 87 S. Ct. 1396, 18 L.Ed 2nd 493 (1963), and Stafford v. State 813 SW2d 503 (Tx.Crim.App. 1991).

The record consists of the Clerk's record in one (1) volume designated as (CR), and the reporter's record which consists of four (4) volumes, hereafter referred to as (RR). Volume 1 is the master index; volume 2 is the voir dire and

the testimony during the guilt or innocence phase; volume 3 is the jury argument and testimony in the punishment phase; and volume 4 is the exhibits index.

## STATEMENT OF THE EVIDENCE

The State called Alyssa Barton who testified that she was a probation officer with the Concho Valley Community Supervision and Corrections Department ( RR 2, p. 120). She testified that she had been the Appellant's probation officer since September 2014 and that on September 13 and 14, 2014, Appellant was on felony probation (RR 2, p. 121, l. 14-25). She further stated that the probation was for intoxicated assault with a vehicle causing serious bodily injury in cause number C-10-0321-SB (RR 2, p. 122, l. 2-5). When the State asked her about shock probation, Appellant's counsel objected on the grounds that it was irrelevant and prejudicial. The prosecution agreed and the Court sustained the objection (RR 2, p. 122, l. 17 through p. 123, l. 5).

The State then called Patrick Garrett, an officer with the San Angelo Police Department (RR 2, p. 124, l. 17). He explained that he was behind the vehicle and he ran the license plate which showed that the registration had expired in March 2014. He pulled over the vehicle and identified the occupants and learned that the driver had an invalid driver's license with prior convictions. He also determined that the vehicle was uninsured (RR 2, p. 126, l. 5-11). He identified Appellant as the driver of the vehicle (RR 2, p. 126, p. 17 through p. 127, l. 1). He noticed that

7

the vehicle had a fictitious registration sticker on the front windshield. He went back to his vehicle to run all three of the subjects and check on the insurance (RR 2, p. 127, l. 14-24). He arrested Appellant for driving while license invalid with no insurance (RR 2, p. 128, l. 13). He explained that he decided to have the vehicle towed because the vehicle didn't have insurance and didn't have registration; therefore, he couldn't release the vehicle to someone to drive on the roadway as it would cause them to commit violations (RR 2, p. 128, l. 13-25). He stated he did an inventory search and on the inside of the vehicle they found open containers of alcohol (RR 2, p. 129, l. 25). The officers also inventoried the trunk where they found miscellaneous electric items, DVD's and stuff---books that were still in packaging with the price tags and everything on them. They also found a black drawstring bag containing a couple of cell phones, an extra set of keys to the vehicle, and also a firearm and a scale with a burnt spoon (RR 2, p. 130, l. 4-12). He described the pistol as a Ruger 23 revolver which is a .22 caliber pistol, and stated it was loaded (RR 2, p. 130, l. 14-17).

Officer Garrett explained the process about placing items into evidence (RR 2, p. 131-132). State's Exhibit #1 - the fictitious registration, was admitted into evidence without objection (RR 2, p. 133). State's Exhibit #2 – the ammunition taken, was admitted into evidence without objection (RR 2, p. 135). State's Exhibit #3, - the pistol, was admitted into evidence (RR 2, p. 137). The State also

offered Exhibits 4-7 which were four (4) in-car video/audio DVD's which were admitted into evidence without objection (RR 2, p. 142). State's Exhibit 4 was played for the jury as well as Exhibits 5, 6, and 7 (RR 2, p. 143 and 144).

The problem with the audio and video tapes is that it is very difficult to recount in a brief what was actually said unless the witnesses reiterated on the stand. On Exhibit 5 – in-car audio/video – as the officers approached the trunk of the car, the Appellant is heard saying something to the effect that "they're going to find that gun". In closing arguments, the State's attorney eluded to that remark (RR 3, p. 32).

On cross-examination Officer Garrett testified that Appellant was not argumentative, belligerent, or difficult and that Appellant was polite (RR 2, p. 146, l. 5-11). He also explained that the video was going through the windshield onto the hood of the car, but that Appellant was sitting in the back seat and the audio picked up his statements (RR 2, p. 148). He also did not know if the gun was ever fingerprinted (RR 2, p. 150, l. 3). Officer Garrett also testified that Appellant had told him he had loaned his car, but didn't know if it was that night or not (RR 2. P. 151, l. 2).

The State called Matthew Faz, an officer with the San Angelo Police Department (RR 2, p. 152) who testified about finding various items during the inventory of the vehicle and a black sack bag inside the trunk. Within that bag

9

were keys, a cell phone, and a black zipper pouch with a burnt spoon, cotton swabs, and a handgun (RR 2, p. 154, l. 21 through p. 155, l. 2). He also testified that the gun was loaded (RR 2, p. 155, l. 15). On cross-examination, Faz also testified that he did not know if the gun was fingerprinted (RR 2, p. 156).

The State also called Samantha Swartz who is employed with the San Angelo Police Department Crime Scene Division (RR 2, p. 159, l. 15-25). She identified State's Exhibit #11 which was the fingerprint card she had prepared with the Appellant, and it was admitted into evidence (RR 2, p. 162, l. 21). She also identified State's Exhibits #8 and 9 which were the Judgment in C10-0321-SB and the shock probation paperwork in C10-0321-SB. These were admitted into evidence (RR 2, p. 165). The first Judgment was the revocation of Appellant's first probation in the case and then sentenced to ten years. Appellant was brought back on the order granting the shock probation, and placed on probation.

At the end of the day the Court adjourned and released the jury to return the next morning. At that time the Court conducted a discussion with Appellant and his counsel regarding the fact that Appellant had only used five of his ten challenges. Counsel explained that he had had a discussion with Appellant about the fact that he had ten challenges and asked him several times before the discussion was finished if there were any other people that he wanted to strike. Counsel explained that he did not see any advantage in using any additional

strikes. The Court asked Appellant if there is anybody on the jury that he would have stricken, and the Appellant replied "no sir" (RR 2, p. 169, l. 4 through p. 170, l. 4).

The morning of March 24, 2015, the defense rested without calling any witnesses, and both sides made their arguments to the jury. The jury found Appellant guilty (RR 3, p. 36, l. 21).

## PUNISHMENT PHASE

The State entered Exhibits 12-16 during the punishment phase which were admitted into evidence without objection from counsel (RR 3, p. 42, l. 4). Exhibit 12 was excerpts of Appellant's testimony at the motion to revoke hearing on March 12, 2015 in cause number C10-0321-SB. Particularly, the Appellant told Officer Garrett that he did not have any idea there was a gun in the trunk of the car. Exhibit 13 was an order revoking Appellant's probation on March 12, 2015 in cause number C10-0321-SB. Exhibit 14 was a conviction for unlawful possession of a prohibited weapon. Exhibit 15 was a misdemeanor assault family violence conviction. Exhibit 16 was a misdemeanor conviction for violation of a protective order.

The State's attorney urged his motion to run this sentence cumulatively with the sentence in the motion to revoke (RR 3, p. 75, l. 23 through p. 76, l. 6). He

11

urged his motion based on Appellant's perjury during the motion to revoke trial when Appellant denied knowing there was a firearm of any kind in the trunk.

The Court then took a brief recess to review the priors and the judgments which were introduced during the punishment phase (RR 3, p. 76, l. 24). Upon return, the Court sentenced Appellant to five (5) years confinement in the Texas Department of Criminal Justice – Institutional Division and a fine of $2,000.00 (RR 3, p. 74, l. 2). The Court further ordered that the sentence in this case would begin when the judgment and the sentence imposed in cause number C10-0321-SB ceased to operate (RR 3, p. 77, l. 24 through p. 78, l. 8). The Court likewise made a ruling denying an appeal bond because of Appellant's extensive criminal activity (RR 3, p. 79, l. 10-22).

## SUFFICIENCY OF THE EVIDENCE

The State's evidence was uncontroverted. The Appellant was legitimately stopped for an expired registration and arrested for driving while license invalid with prior offenses. Because the Appellant was under arrest and the vehicle had no insurance and no registration, an inventory search was proper. Appellant claimed to be the owner of the vehicle, and the firearm was found in the vehicle. The Appellant's unsolicited comments made referring to the officers finding the gun would remove any reasonable doubt as to possession of the firearm. Counsel is of the opinion that the evidence is sufficient to sustain a conviction.

12

## OBJECTIONS

There was only one (1) objection as referred to in the Statement of the Evidence which was made by Appellant's counsel. That one objection was sustained. There were no adverse rulings against the Appellant. There was one other incident during deliberations during the punishment phase. Apparently one of the prior misdemeanor convictions had an attorney's name where the Appellant's name should have been. The jury had sent out a message asking the Court to verify the validity of the document. Appellant's counsel said he would object to any explanation, and the Court responded to the jury, simply telling them they were the judges of the facts of the case and to give the evidence whatever weight they desired (RR 3, p. 72).

## EFFECTIVENESS OF COUNSEL

Appellant's trial counsel cross-examined both police officers and made proper arguments to the jury and to the Court during the punishment phase. Trial counsel's performance met or exceeded the standard for effective assistance of counsel based on the definition of ineffective assistance of counsel as per Stafford v. State 813 SW2d 503 (Tx. Crim. App. 1991) and Strickland v. Washington 466 US 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

13

The only other possible issue is that perhaps trial counsel could have raised the search and seizure issue regarding the inventory search. The testimony was not clear whether the bag was open and the gun might have been in plain view, but there was no motion to suppress filed nor was the issue raised at trial. The Texas Court of Criminal Appeals has held in Autran v. State 887 SW2d 31 (Tx. Crim.App. 1994) that an inventory search of a vehicle would not allow the opening of any closed containers in the vehicle. However, Autran is a plurality opinion and several of the Courts of Appeals have chosen not to follow its precedence and have ruled that during an inventory search, it is permissible for law enforcement officers to open closed or sealed containers. Trujillo v. State 952 SW2d 879 CCA Dallas 1997, Madison v. State 922 SW2d 610 CCA Texarkana 1996.

## PUNISHMENT

The punishment assessed by the jury was within the range of punishment for a third degree felony. The State had properly filed its motion for a cumulative sentence. Whether the sentence is ordered to run consecutively with the prior sentence is purely within the discretion of the Court. Counsel could find no errors in the punishment phase of the trial.

## CONCLUSION

After reviewing the record in this case, this counsel is of the opinion that there is no reversible error.

14

Respectfully submitted,

___/s/ Kirk Hawkins_____
KIRK HAWKINS
P.O. BOX 3645
SAN ANGELO, TEXAS 76902
325/658-5585
STATE BAR NO. 09250400
E-Mail: kirkhawkinslaw@gmail.com


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above was served on Mr. Jason David Ferguson, Assistant District Attorney, Tom Green County Courthouse, Court Street Annex, 124 West Beauregard, San Angelo, Texas 76903; and on Appellant, Mr. Pedro Perez Morales, TDCJ#01987931, Wheeler State Jail, 986 County Road AA, Plainview, Texas 79072, on this 28th day of August, 2015.

I further certify that I have mailed a notice to the Appellant at the above-referenced address on August 28, 2015, informing of my intention of filing a frivolous appeal and advising him of his rights to file his own brief and to review the record.

__/s/ Kirk Hawkins _____
Kirk Hawkins


## NOTICE TO APPELLANT, PEDRO PEREZ MORALES

**YOU HAVE THE RIGHT TO FILE YOUR OWN BRIEF IN THIS CAUSE. YOU ALSO HAVE THE RIGHT TO REVIEW THE COURT RECORD AND THE COURT REPORTER'S RECORD. YOU HAVE THIRTY (30) DAYS FROM THE DATE OF THE FILING OF THIS BRIEF IN WHICH TO PREPARE AND SUBMIT YOUR OWN BRIEF.**

__/s/ Kirk Hawkins_____
**Kirk Hawkins**

15

ACCEPTED
03-15-00227-CR
6697411
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/28/2015 11:18:15 AM
JEFFREY D. KYLE
CLERK

NO. 03-15-00227-CR

(Trial Court No. C-14-1091-SA)

IN THE

COURT OF APPEALS

FOR THE THIRD SUPREME JUDICIAL DISTRICT OF TEXAS

_____

PEDRO PEREZ MORALES,
                                        Appellant.

VS.

THE STATE OF TEXAS,
                                        Appellee.

_____

From the 340th Judicial District Court
of Tom Green County, Texas
Honorable Ben Woodward, Judge Presiding

_____

**CERTIFICATE OF WORD COMPLIANCE**

_____

TO THE HONORABLE COURT OF APPEALS FOR THE THIRD SUPREME JUDICIAL DISTRICT OF TEXAS:

COMES NOW, KIRK HAWKINS, court-appointed attorney for Appellant PEDRO PEREZ MORALES, and files this Certificate of Word Compliance, and would submit the following:

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains 2,489 words (excluding the caption, table of contents, table of authorities, signature, proof of service, certification, and certificate of compliance). This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

Respectfully submitted,

___*/s/   Kirk Hawkins*_____
KIRK HAWKINS
P.O. BOX 3645
SAN ANGELO, TEXAS 76902
325/658-5585
STATE BAR NO. 09250400
E-Mail:  kirkhawkinslaw@gmail.com


**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above was served on Mr. Jason Ferguson, Assistant District Attorney, Tom Green County Courthouse, Court Street Annex, 124 West Beauregard, San Angelo, Texas 76903; and on Appellant, Pedro Perez Morales #01987931, Wheeler State Jail, 986 County Road AA, Plainview, Texas 79072 on this 28th day of August, 2015.

___*/s/   Kirk Hawkins*_____
Kirk Hawkins

ACCEPTED
03-15-00227-CR
6697411
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/28/2015 11:18:15 AM
JEFFREY D. KYLE
CLERK

No. 03-15-00227-CR

| | | |
|---|---|---|
| PEDRO PEREZ MORALES, | ) | IN THE COURT OF APPEALS |
| Appellant | ) | |
| | ) | |
| V. | ) | THIRD JUDICIAL DISTRICT |
| | ) | |
| THE STATE OF TEXAS, | ) | |
| Appellee | ) | SITTING AT AUSTIN, TEXAS |

## CERTIFICATE OF COUNSEL

In compliance with the requirements of *Anders v. California*, 386 U.S. 378 (1967), I, Kirk Hawkins, court-appointed counsel for Appellant, PEDRO PEREZ MORALES, in the above-referenced appeal, do hereby certify, in writing, to the Court that I have:

1. Notified Appellant that I filed a motion to withdraw as counsel with an accompanying *Anders* brief, and provided a copy of each to Appellant;
2. Informed Appellant of his right to file a pro se response identifying what he believes to be meritorious grounds to be raised in his appeal, should he so desire;
3. Advised Appellant of his right to review the appellate record, should he wish to do so, preparatory to filing that response;
4. Explained the process for obtaining the appellate record, provided a *Motion for Pro Se Access to the Appellate Record* lacking only appellant's signature and the date, and provided the mailing address for this Court; and
5. Informed appellant of his right to seek discretionary review pro se should this Court declare his appeal frivolous.

Respectfully submitted,

___/s/   *Kirk Hawkins*_____
KIRK HAWKINS
P.O. BOX 3645
SAN ANGELO, TEXAS 76902
325-658-5585
STATE BAR NO. 09250400
E-Mail: kirkhawkinslaw@gmail.com

ATTORNEY FOR APPELLANT